The paramount question raised by the petition of appeal, which the state has answered, is whether John T. Dorrance died a resident of this state, subjecting his estate, transferred by his testament at death, to the death duty under our Transfer Tax act; the sub-questions being whether the paramount question is resadjudicata by the decree of the surrogate of Burlington county admitting the will to probate, or by the decree of the orphans court of Delaware county upon the mandate of the supreme court of Pennsylvania adjudging that Dorrance was, at death, a resident of that state and his estate liable to the death duty of that commonwealth; or whether it is still a factual question for adjudication in this cause.
Motion is now made by the attorney-general to increase the appeal bond from the nominal penalty of $10,000, without surety, to $15,000,000 with surety. The levy, from which *Page 267 
the appeal is taken, approximates the latter sum. There is nothing in proof of any change in the conditions since I made the order last October fixing the amount and terms of the bond, to induce me to modify that determination. The estate is in due course of administration in the orphans court of Burlington county by responsible executors charged with the payment of the tax before distribution, and nothing is shown that they are not faithfully discharging the duties of their office or that the securities of the estate are not intact. If there is a debatable question of irresponsibility, the state may bring it on for investigation by petition. The motion is denied with leave to renew.
The executors move, upon petition, to remand the levy to the state tax commissioner for modification in respect of further credits in reduction of the assessment. That motion is premature. When the main question raised by the appeal, of non-liability, is determined, if determined against the estate, a motion to remand may be in order. It may be, however, that the court will hear and decide whether there should be modification. The motion is denied without prejudice.
Other matters were mooted but I think they, and all motions preliminary to the final hearing, should be heard by the vice-ordinary who will eventually decide the appeal. This, for his convenience and to better advise me as the cause progresses. It is said that the cause is not ripe for reference. It is my privilege to refer a cause at any time, at any stage, and on my own motion. I will refer the appeal to Vice-Ordinary Malcolm G. Buchanan. *Page 268